UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VALLEY QUIROZ, WIFE OF, AND HUMBERTO QUIROZ | CIVIL ACTION |
| VERSUS | NO. 21-1553 |
| SOUTHERN TIRE MART, LLC | SECTION "B"(3) |

ORDER AND REASONS

Before the Court is defendant's Motion for Summary Judgment (Rec. Doc. 24). Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed **and** served no later than eight (8) days prior to the submission date. Plaintiff has failed to submit a memorandum in opposition to the motion, which was set for hearing on May 25, 2022. Further, no party has filed a motion to continue the hearing or filed a motion for extension of time within which to oppose the motion. Accordingly, this motion is deemed to be unopposed, and because it appears to the Court that the motion has merit,

**IT IS HEREBY ORDERED** that the defendant's Motion for Summary Judgment (Rec. Doc. 24) is **GRANTED, without prejudice**.

FACTS AND PROCEDURAL HISTORY

This action involves an alleged car accident in which Valley Quiroz's ("Plaintiff") tire flew off while she was driving, causing her to strike a barrier on the interstate. Rec. Doc. 1-2 (Petition for Damages). On April 12, 2021, plaintiff purchased four new tires from Southern Tire Mart, LLC ("defendant" or "Southern Tire"). *Id.*

1

After defendant installed the tires, plaintiff proceeded to drive home. *Id.* While plaintiff was driving on the interstate highway, her left rear tire suddenly detached from her car, causing the vehicle to strike the side of the highway. *Id.*

As a result of the accident, plaintiff alleges she suffered "physical and nonphysical injuries including great mental anguish and emotional harm, loss of income and loss of earning capacity, property damage, loss of use of her vehicle and the expense of repair, temporary lodging, and accident-related medical expenses." *Id.* Plaintiff's husband, Humberto Quiroz, further alleges he suffered "a loss of consortium, services and society due to his wife's injury and disability in addition to *Lejuene* damages occasioned by her injuries when he encountered her soon thereafter." Rec. Doc. 1-2.

On July 20, 2021, plaintiffs, Valley Quiroz and Humberto Quiroz, ("Plaintiffs") filed suit against Southern Tire in the 24th Judicial District Court of Jefferson Parish, Louisiana. Subsequently, on August 16, 2021, defendant removed the action to this Court.

On May 18, 2022, Southern Tire filed the instant motion for summary judgment. Rec. Doc. 24. Defendant contends that summary judgment is proper given plaintiffs cannot meet their burden of proving medical causation at trial. *Id.* Plaintiffs did not file an opposition to the defendant's motion.

2

**LAW AND ANALYSIS**

### A. SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). As such, the court should view all facts and evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixon Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006).

When the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). Should the movant meet its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co.,*

3

*Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lindsey*, 16 F.3d at 618. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *See Sec. & Exch. Comm'n v. Arcturus Corp.*, 912 F.3d 786, 792 (5th Cir. 2019).

### B. Plaintiff cannot meet her burden of proof as to medical causation

Defendant contends that summary judgment is warranted because there is an absence of proof of medical causation. Rec. Doc. 24. "Under Louisiana law, Plaintiff bears the burden of proving causation by a preponderance of the evidence." *Bordenave v. Delta Air Lines, Inc.*, No. CV 18-00637, 2020 WL 377017, *2 (M.D. La. Jan. 23, 2020) (quoting *Morris v. Orleans Parish School Bd.*, 553 So.2d 427, 430 (La. 1989)). "The test for determining the causal relationship between the alleged accident and subsequent injury is whether the plaintiff proves through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident." *Bordenave*, 2020 WL 377017 at *2 (quoting *Maranto v. Goodyear Tire & Rubber Co.*, 94-2603 (La. 2/20/95), 650 So. 2d 757, 759). Furthermore, it is well-settled that expert medical testimony is required when the conclusion regarding medical causation is one that is not within common knowledge. *Cibilic v. BP Expl. & Prod., No. CV 15-995*, 2017 WL 1064954, *2 (E.D. La. Mar. 21, 2017); see *Seaman v. Seacor Marine LLC*, 326 F. App'x 721,

723 (5th Cir. 2009) (noting in a toxic tort case that "expert testimony is ... required to establish causation").

To submit expert testimony, a plaintiff must comply with the expert disclosure requirements imposed by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26. Expert witnesses who are "retained or specially employed to provide expert testimony" must submit written reports. Fed. R. Civ. P. 26(a)(2)(B). Non-retained treating physicians are exempt from this reporting requirement. Fed. R. Civ. P. 26(a)(2)(C); *see Leggett v. Dolgencorp, LLC*, No. 16-17264, 2017 WL 4791183, at *1 (E.D. La. Oct. 24, 2017). Instead, Rule 26(a)(2)(C) requires parties who seek to rely on the opinions of non-retained expert witnesses to disclose: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Additionally, "[a] party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

Here, the Court finds that plaintiffs have failed to meet these requirements for expert testimony regarding medical causation. Plaintiffs have known about the deadline to disclose experts for almost six (6) months. Rec. Doc. 24; Rec. Doc. 12 (Scheduling Order). Nevertheless, rather than submit the appropriate reports, plaintiffs chose to only provide uncertified

5

medical records from Mrs. Quiroz's treating physicians, Dr. Greg Pizzolato and Dr. Daniel Johnson. Such medical records are insufficient to meet the disclosure requirement under Rule 26. See Fed. R. Civ. Proc. 26(a)(2)(C); *Hooks v. Nationwide Hous. Sys., LLC*, No. CV 15-729, 2016 WL 3667134 (E.D. La. July 11, 2016) ("disclosures consisting of medical records alone are insufficient to satisfy the disclosure standard of Rule 26(a)(2)(C)"); *Williams v. State*, No. 14-00154, 2015 WL 5438596, at *4 (M.D. La. Sept. 14, 2015).

In addition, plaintiffs have failed to oppose this motion and put forth any evidence that they may have of causation. Accordingly, plaintiffs cannot succeed on a crucial element of their claim against Southern Tire, and their claim must be dismissed.[1] *See Moore v. DeJoy*, No. 19-11420, 2022 WL 444238 (E.D. La. Feb. 13, 2022) (granting summary judgment and stating that without expert testimony, plaintiffs injury claims fail as matter of law); *Vicknair v. Pfizer, Inc.*, No. CV 20-2705, 2021 WL 2554935 (E.D. La. June 22, 2021) (granting summary judgment because plaintiff failed to produce expert disclosures or meet the requirements as to expert testimony regarding medical causation);

---

[1] **Currently before the Court is a pending motion to strike plaintiffs' treating physicians. Rec. Doc. 25.** In its motion, Southern Tire contends that because plaintiffs failed to file a witness and exhibit list in compliance with the orders of the court, failed to request an extension of that deadline, and failed to disclose experts in accordance with the Court's scheduling order, plaintiffs' experts should not be allowed to testify. **Given the Court is granting summary judgment, the pending motion to strike is also dismissed as moot.**

*Bordenave v. Delta Air Lines, Inc*., No. CV 18-00637, 2020 WL 377017 (M.D. La. Jan. 23, 2020) (granting summary judgment because plaintiff "failed to follow the Federal Rules of Civil Procedure pertaining to expert witnesses," **and** failed to show "which of his treating physicians are qualified to testify to causation and which medical records support this position.") (Emphasis added).

New Orleans, Louisiana this 25th day of May, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE